**R.B. ELECTRIC, INC.,**
**Plaintiff-Appellant,**

v.

**LOCAL 569, INTERNATIONAL BROTH-**
**ERHOOD OF ELECTRICAL WORK-**
**ERS, AFL–CIO, Defendant-Appellee.**

**No. 85–5755.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 1985.

Decided Feb. 10, 1986.

George S. Howard, San Diego, Cal., for plaintiff-appellant.

Herbert M. Ansell, Los Angeles, Cal., for defendant-appellee.

Before WALLACE, ANDERSON and NORRIS, Circuit Judges.

WALLACE, Circuit Judge:

R.B. Electric, Inc. (R.B. Electric) appeals from a district court order granting summary judgment to Local 569, International Brotherhood of Electrical Workers (Local 569) in R.B. Electric's action to obtain declaratory and injunctive relief against arbitration of Local 569's grievance. We have jurisdiction under 28 U.S.C. § 1291, and we affirm, but on a ground other than that relied upon by the district court.

I

R.B. Electric, an electrical contractor, became a signatory to a collective bargaining agreement (the Agreement) between the San Diego County Chapter of the National Electrical Contractors Association, Inc. and Local 569. Section 2.16(a) of the Agreement provided:

> In order to protect and preserve, for the employees covered by this Agreement, all work heretofore performed by them, and in order to prevent any device or subterfuge to avoid the protection and preservation of such work, it is hereby agreed as follows: If and when the Employer shall perform any work of the type covered by this Agreement, under its own name or under the name of another, as a Corporation, Company, Partnership, or any other business entity, including a joint venture, wherein the Employer, through its officers, directors, partners, or stockholders, exercises either directly or indirectly, management, control or majority ownership, the terms and conditions of this Agreement shall be applicable to all such work.

Section 1.04 set forth a two-step grievance procedure for "any ... dispute over matters relating to this Agreement." Any grievance not resolved by the parties would be referred to a Labor-Management Committee (the Committee). If the Committee failed to resolve the grievance, either party could submit the grievance to the Council on Industrial Relations for the Electrical Contracting Industry (the Council) for a final and binding decision. Section 2.16(b) further specified that the Committee and the Council had the authority to arbitrate alleged violations of section 2.16(a).

In May 1984, Local 569 alleged that R.B. Electric had violated section 2.16(a) by performing work covered by the Agreement through Paramount Electric Co. (Paramount). Paramount, asserting that Local 569's grievance constituted a claim to represent Paramount's employees, petitioned the National Labor Relations Board (the Board) for an election. After Local 569 disclaimed representing a majority of Paramount's employees, the Board's regional director dismissed Paramount's petition and specifically ruled that Local 569's grievance with R.B. Electric did not constitute a demand for recognition as majority representative of Paramount's employees. The Board later dismissed Paramount's appeal.

Local 569 sought arbitration of its grievance pursuant to sections 1.04 and 2.16(b) of the Agreement. After the Committee deadlocked on the matter, Local 569 submitted its grievance to the Council for arbitration. R.B. Electric then sued in district court to obtain declaratory and injunctive relief against the arbitration proceeding, primarily on the ground that section 2.16 was unlawful. The district court ruled that section 2.16 was lawful and granted summary judgment for Local 569.

II

We review de novo the district court's grant of summary judgment. *Lojek v. Thomas*, 716 F.2d 675, 677 (9th Cir.1983). We must determine whether there is any genuine issue of material fact and whether the substantive law was correctly applied. *Id.*

On appeal, R.B. Electric maintains that section 2.16 is unlawful as a "hot cargo" clause in violation of section 8(e) of the National Labor Relations Act (the Act), 29 U.S.C. § 158(e); as an infringement of the

rights of Paramount's employees under section 7 of the Act, 29 U.S.C. § 157; and as an infringement on the Board's jurisdiction to determine appropriate bargaining units.

Our consideration of R.B. Electric's claims is sharply confined by the procedural context of this action. While it is true that a court may not enforce a collective bargaining agreement that violates federal labor law, *W.R. Grace & Co. v. Local Union 759, International Union of the United Rubber Workers*, 461 U.S. 757, 766, 103 S.Ct. 2177, 2183, 76 L.Ed.2d 298 (1983), a court must also defer to the special role of the arbitrator in interpreting the meaning of the agreement. *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596–97, 80 S.Ct. 1358, 1360–61, 4 L.Ed.2d 1424 (1960); *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 581–82, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960). Here, R.B. Electric is seeking declaratory and injunctive relief to prevent arbitration before an arbitrator has determined the meaning of section 2.16.

When a party seeks to avoid arbitration on the ground that a contract clause is illegal, a district court may grant relief if the contract clause *"on its face* violates federal labor law or is contrary to federal labor policy." *United Food & Commercial Workers Union, Local 197 v. Alpha Beta Co.*, 736 F.2d 1371, 1376 (9th Cir.1984) (emphasis added). We "need only decide whether an arbitrator could interpret the disputed contract clause in a manner that would render it lawful. Only if all possible interpretations of the contract provision would result in a conflict [with federal labor law] would arbitration be precluded." *Id.* at 1377; *cf. Francesco's B., Inc. v. Hotel & Restaurant Employees Union, Local 28*, 659 F.2d 1383, 1388–89 (9th Cir. 1981) (arbitrator's interpretation of collective bargaining agreement upheld if it is plausible).

■ We believe, therefore, that in order to succeed, R.B. Electric had to demonstrate that the Council, acting as arbitrator, could not plausibly interpret section 2.16 in a manner that would render it law-

ful. We cannot say that it has done so. R.B. Electric's challenge to section 2.16 raises difficult questions that depend heavily on the intended meaning of language that is by no means unambiguous. We need not speculate as to which interpretations of section 2.16 would both be plausible and render the section lawful. Such speculation by us would result only in meaningless dicta. In addition, our speculation would risk interfering with the arbitrator's independent exercise of judgment in interpreting the contract. It is sufficient for our purposes that we cannot affirmatively state that no plausible interpretation of section 2.16 would render it lawful. Therefore, we conclude that the district court did not err in failing to grant declaratory or injunctive relief in favor of R.B. Electric.

■ While we cannot conclude, prior to interpretation by an arbitrator, that section 2.16 is necessarily unlawful on its face, we also cannot agree with the district court's conclusion that the section is not a "hot cargo" clause in violation of section 8(e) of the Act. The district court, observing that section 2.16 had the stated purpose of preserving the work of the employees, ruled that the section was a valid work preservation clause under *National Woodwork Manufacturers Association v. NLRB*, 386 U.S. 612, 87 S.Ct. 1250, 18 L.Ed.2d 357 (1967). We believe that the district court erred in according dispositive weight to the purpose stated in section 2.16. An employer and a union cannot immunize what may be a "hot cargo" clause from attack merely by labeling it a work preservation clause. *See id.* at 644, 87 S.Ct. at 1268; 2 *The Developing Labor Law* 1200–01 (C. Morris 2d ed. 1983).

We may, however, affirm the district court on any basis fairly supported by the record. *City of Las Vegas v. Clark County*, 755 F.2d 697, 701 (9th Cir.1985). Here it is unnecessary for us to determine whether section 2.16 violates section 8(e) of the Act, for our conclusion that it is not necessarily facially invalid precludes R.B. Electric from obtaining the relief sought.

AFFIRMED.