**ROAD SPRINKLER FITTERS LOCAL UNION NO. 669, U.A., AFL–CIO, Plaintiff,**

v.

**COSCO FIRE PROTECTION, INC., Consolidated Fire Protection, LLC, Defendant.**

**No. CV 04–8954 FMC CWX.**

United States District Court, C.D. California.

Feb. 23, 2005.

Debra L. Willen, William W. Osborne, Jr., Osborne Law Offices, Washington, DC, Laurence S. Zakson, Reich Adell Crost & Cvitan, Los Angeles, CA, for Plaintiff.

Alan R. Berkowitz, Daniel A. Feldstein, Bingham McCutchen, San Francisco, CA, for Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COOPER, District Judge.

This matter is before the Court on Plaintiff's Motion for Summary Judgment (docket # 10). The Court, having read and considered the moving, opposition, and reply papers, deems this matter appropriate for decision without oral argument. See Fed.R.Civ.P. 78; Local Rule 7–15. Accordingly, the hearing set for February 28, 2005, is removed from the Court's calendar. For the reasons stated below, the Court hereby **GRANTS** Plaintiff's Motion for Summary Judgment and attorneys' fees.

### I. Introduction

Plaintiff is a national "labor organization" within the meaning of Section 2(5) of the Labor Management Relations Act, as amended, 29 U.S.C. § 152(5), representing skilled construction employees engaged in the installation and maintenance of automatic fire protection systems. *See* Pl's mot., at pp. 7–8. Plaintiff, pursuant to Section 9(a) of the National Labor Relations Act, as amended, 29 U.S.C. § 159(a), is the exclusive collective-bargaining representative of certain of the employees of Cosco. *Id.* The collective bargaining agreement to which the parties subscribe is called the "Agreement Between National Fire Sprinkler Association, Inc., and Road Sprinkler Fitters Local Union No. 669, Columbia Maryland of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada" ("Agreement"), effective 2000–2005. *See* Complaint, Ex. 1, p. 1.

Defendant Consolidated Fire Protection LLC ("Consolidated") owns 100% of the capital stock of both Defendant Cosco and Firetrol Protection Systems, Inc. ("Firetrol"). *See* Defs.' mem., at p. 6. Though Consolidated and Cosco are "employers" within the meaning of Section 2(2) of the Labor Management Relations Act, as amended, 29 U.S.C. § 152(2), neither Consolidated nor Firetrol is a party to the Agreement. *Id.* at pp. 6–7. Consolidated asserts that neither it nor Firetrol perform "bargaining unit work," as described by the Act. *Id.*

Article 3 of the Agreement imposes on Cosco a duty to provide the wage and fringe benefit terms and conditions of the Agreement to all work covered by the Agreement, even if the work is done by another company that is merely owned by the same individuals who own Cosco:

> [i]n order to protect and preserve for the employees covered by this Agreement all work historically and traditionally performed by them, and in order to prevent any device or subterfuge to avoid the protection or preservation of such work, it is hereby agreed as follows: If and when the Employer shall perform any work of the type covered by this Agreement as a single or joint Employer (which shall be interpreted pursuant to applicable NLRB and judicial principles) within the trade and territorial jurisdiction of Local 669, under its own name or under the name of another, as a corporation, sole propri-

etorship, partnership, or any other business entity including a joint venture, wherein the Employer (including its officers, director, owners, partners or stockholders) exercises either directly or indirectly... controlling or majority ownership, management or control over such other entity, the wage and fringe benefit terms and conditions of this Agreement shall be applicable to all such work....

Pl's mot., p. 8 (citing the Agreement).

Article 3 further provides that signatory employers have "an affirmative obligation to notify the Union of the existence and nature of and work performed by" an affiliated entity and of "the nature and extent of [that entity's] relationship" to the signatory employer. *Id.* "Particular disputes arising under the foregoing paragraphs shall be heard by... a Special Arbitrator[,]" and that Arbitrator "shall have the authority to order the Employer to provide appropriate and relevant information in compliance with this clause." *Id.*

On July 19, 2004, Plaintiff submitted a request to Cosco and Consolidated for information relating to an alleged violation of Article 3 of the Agreement with respect to the operation of Firetrol and other of Defendants' corporate affiliates. *Id.* at 9. After failing to receive the information requested, Plaintiff filed a grievance alleging a series of violations of Article 3 by Defendants, including failure to advise Plaintiff of the existence and nature of work performed by Firetrol:

This is a formal grievance against Cosco Fire Protection, Inc., and its affiliates charging a violation of Article 3 of the parties' collective bargaining agreement, both with respect to the establishment and operation of Firetrol and other non-signatory organization(s) to perform bargaining unit work at terms and conditions of employment below those in the

agreement, and with respect to your failure to advise the Union of the existence and nature of, and work performed by[,] Firetrol and such other organization(s), both as an ongoing affirmative obligation under Article 3 and specifically in response to the Union's July 19, 2004 request for information.

*Id.* at 9.

Plaintiff's grievance was filed pursuant to Article 25 of the Agreement, which outlines its grievance procedure and arbitration policies. *See* Complaint, Ex. 1, p. 22. It dictates that "[a]ll disputes and grievances relative to the interpretation or application of this Agreement, shall be processed in the following manner...." *Id.* First, the employee (or, in this case, the Union itself) must discuss the grievance with the Employer's representative within 15 days of the grievance. *Id.* If the matter is not settled to the satisfaction of the Union, the Union must submit the grievance in writing to the Employer, the Business Manager of the Union and the President of the National Fire Sprinkler Association, for discussion and possible resolution. *Id.* If within 30 days the Union and Employer cannot resolve the alleged grievance or dispute, "then the matter shall be referred to an Impartial Arbitrator." *Id.*

After receiving the grievance, on October 7, 2004, Cosco filed a Unit Clarification Petition with the National Labor Relations Board ("NLRB") "to determine whether the employees of Firetrol should be properly accreted to the Cosco bargaining unit." *Id.* By letter dated October 22, 2004, Defendants stated that, "If the [NLRB] finally decides that it should not process the UC petition, we will proceed with the arbitration." *Id.* at 10.

On November 18, 2004, NLRB Region 21 convened a hearing on Defendants' Unit Clarification Petition. *Id.* at 10–11. The

hearing was resolved by stipulations that the Firetrol employees should not be added to the collective bargaining unit by accretion and are not otherwise part of the multi-employer bargaining unit of which Cosco is a member.[1] *Id.* at 11. Despite this, on November 22, 2004, Defendants filed their Answer in the instant case and asserted, as an affirmative defense, that Plaintiff's grievance "raise[s] a representational issue which is within the exclusive jurisdiction of the [NLRB]. . . ." *Id.*

On December 10, 2004, Cosco filed an unfair labor practice charge with the NLRB, alleging that Plaintiff was attempting to apply the terms of the Agreement to employees not covered by the Agreement, in violation of Section 8(e) of the Labor–Management Relations Act, as amended, 29 U.S.C. § 158(e).[2] *Id.* Defendants amended their Answer in the instant case to assert that the case is preempted because Plaintiff's grievance raises issues which are within the exclusive jurisdiction of the NLRB and the subject of a pending unfair labor practice charge and that the contract provision upon which the Union seeks to compel arbitration is unlawful. *Id.*

## II. Standard

Section 2 of the Federal Arbitration Act ("FAA") dictates that arbitration clauses are enforceable unless there exist grounds for revocation of the contract containing the arbitration provision at issue:

[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole in any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

Section 4 of the FAA authorizes district courts to compel parties to arbitrate their disputes pursuant to their written arbitration agreements:

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28 [of the United States Code], in a civil action . . . between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.

## III. Discussion

### A. The Motion for Summary Judgment

Summary judgment must be granted where there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Anderson v. Liberty Lobby,*

---

1. On December 21, 2004, the Acting Regional Director of NLRB Region 21 issued a decision upon Cosco's Unit Clarification Petition confirming, in accordance with the parties' stipulation, that the Firetrol employees are not included in the multi-employer bargaining unit of which Cosco is a member. Pl's mot., at p. 11.

2. Section 158(e) states, "It shall be an unfair labor practice for any labor organization and any employer to enter into any contract or agreement, express or implied, whereby such employer ceases or refrains or agrees to cease or refrain from handling, using, selling, transporting or otherwise dealing in any of the products of any other employer . . . and any contract or agreement entered into heretofore or hereafter containing such an agreement shall be to such extend unenforceable and void . . . ." 29 U.S.C. § 158(e).

*Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In the instant case, there are no genuine issues of material fact, and under well-established principles of labor law, the parties' Article 3 dispute should be resolved through the contract arbitration procedure to which they expressly agreed. *Virginia Sprinkler Co. v. Road Sprinkler Fitters Local Union No. 669,* 868 F.2d 116, 119 (4th Cir.1989); *Road Sprinkler Fitters Local Union No. 669 v. Northstar Fire Protection Co.,* 644 F.Supp. 851, 854 (N.D.Tex. 1986).

Defendants offer two arguments why this Court should not or cannot compel arbitration in this case.

### i. Article 3 of the Agreement is inapplicable to Defendants

Defendants argue that since Defendant Consolidated is not a signatory to the Agreement, it is not bound by the provisions of Article 3 of the Agreement. *See generally,* Defs.' mem., at pp. 8–22. Any attempt to force Defendants to submit to arbitration, Defendants argue, constitutes "unfair labor practice," under federal labor law. *Id.* at 20. Defendants argue that the Court should stay its ruling until the NLRB decides whether Article 3 is legal in the present context. *Id.*

■ As Plaintiff correctly notes, NLRB consideration of the legality of Article 3 in the present context does not preclude the simultaneous processing of Plaintiff's grievance. Pl's mot., at p. 12, citing *Building Materials & Constr. Teamsters Local 216 v. Granite Rock Co.,* 851 F.2d 1190, 1195–96 (9th Cir.), *cert. denied,* 488 U.S. 986, 109 S.Ct. 543, 102 L.Ed.2d 573 (1988); *R.B. Electric, Inc., v. Local 569, IBEW,* 781 F.2d 1440, 1442 (9th Cir.1986). In a case much like the instant case, the Ninth Circuit compelled arbitration of a contractual claim despite a NLRB finding that a group of employees involved were not included in the bargaining unit represented by the plaintiff union. *See Building Materials,* 851 F.2d 1190. In *Building Materials,* the Court held that the "representational question before the Board" was "clearly distinct" from "[t]he union's contractual claim. . . ." *Id.* at 1195. Here, although Defendants claim they are not bound by the provisions of the Agreement, that issue is distinct from Plaintiff's contractual claim. It is undisputed that Defendant Cosco is a signatory to the Agreement. Article 3 of the agreement dictates that disputes arising under that Article shall be heard by an arbitrator. The question of whether, and to what extent, Article 3 applies to *all* Defendants in this case is a matter for the arbitrator to decide.

### ii. Plaintiff's Article 3 grievance violates federal labor law

■ Defendants argue that Plaintiff's Article 3 grievance is illegal because it violates Section 8(e) of the Labor–Management Relations Act, as amended, 29 U.S.C. § 158(e). *See* Defs.' mem., pp. 9–13 (indicating that Section 8(e) prohibits labor organizations from applying the terms and conditions of a collective bargaining agreement to employees not covered by the agreement). Accordingly, Defendants argue that their pending unfair labor practice charge divests this Court of jurisdiction to compel arbitration. *Id.* at 12–13. Defendants dispute the validity of Plaintiff's assertion that the grievance filed was under a "work preservation" objective. *Id.* at 13, citing Pl's mot., at p. 18. Rather, Defendants claim the grievance was filed "for the unlawful purpose of *acquiring* work or effecting the wages of Firetrol," in violation of Section 8(e) of the Act. *Id.* at 14 (emphasis in original). Defendants argue that this Court should defer its ruling until after the NLRB decides whether the clause is legal. *Id.* at 16.

As Plaintiff correctly notes, the question of whether the grievance was submitted for the purpose of "work preservation" or for some other purpose is of no consequence to this Court. *See* Pl's mot., pp. 13–16. The merits of a grievance, such as the one at issue here, are exclusively within the province of the Arbitrator:

> [t]he moving party should not be deprived of the arbitrator's judgment, when it was his judgment and all that it connotes that was bargained for. The courts, therefore, have no business weighing the merits of the grievance.... The agreement is to submit all grievances to arbitration, not merely those which the court will deem meritorious.

*United Steelworkers v. American Mfg. Co.,* 363 U.S. 564, 568, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *accord Building Materials,* 851 F.2d at 1194 ("[A] party who agrees to arbitrate... must do so even if the claim appears to be groundless.").

■ The Ninth Circuit has held that a party may avoid arbitration on grounds that a contract clause is illegal only if "the contract clause '*on its face* violates federal labor law or is contrary to federal labor policy.'" Plaintiff's mot., at p. 16, citing *R.B. Electric,* 781 F.2d at 1442 (emphasis added). Arbitration may be compelled so long as an arbitrator could interpret the clause "'in a manner that would render it lawful. Only if all possible interpretations of the contract provision would result in a conflict [with federal labor law] would arbitration be precluded.'" *Id.; accord United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582–83, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960) ("An order to arbitrate the particular grievance should not be denied unless it may be said with

positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage."). Defendants concede that Article 3 of the Agreement is not, on its face, per se illegal. Defs.' mem., at p. 12. Rather, Defendants' argue that Plaintiff's *attempted application* of the clause to the facts of this case violates federal labor law. *Id.* For the reasons stated above, the question of whether Plaintiff's application of Article 3 is lawful (the merits of Plaintiff's grievance) must be determined by an arbitrator.

Defendants also contend that there are no circumstances under which an arbitrator could interpret Article 3 that would "render it lawful" under the facts of this case. *See id.* at 12–15. This Court disagrees. As noted above, it is undisputed that Defendant Cosco is bound by the Agreement at issue. Article 3 of the Agreement dictates that signatory employers are under "an affirmative obligation to notify the Union of the existence and nature of and work performed by" an affiliated entity conducting work of the type covered by the Agreement and of "the nature and extent of [that entity's] relationship" to the signatory employer. *See* Pl's mot., at p. 8, citing Article 3 of the Agreement. It is reasonable to conclude that an arbitrator could interpret Article 3 in a manner that would "render it lawful" under these facts. For example, an arbitrator could conclude that Cosco, as signatory to the Agreement, was under an affirmative obligation to comply with Plaintiff's request for information about Firetrol because Firetrol is Cosco's affiliate.[3]

---

**3.** Defendant's argument that the work done by Firetrol is not "of the type covered by the Agreement," Defs.' mem., at p. 13, thus rendering Defendants immune from the turnover provision of Article 3, is a finding of fact to be addressed by the arbitrator, and not an issue properly before this Court.

Because neither party disputes the facial validity of Article 3, and because Article 3 mandates resolution of disputes arising from the Article to be settled via arbitration, it is appropriate for the Court to compel arbitration.

### B. Motion for an Award of Attorneys' Fees

Plaintiff argues that in refusing to provide the requested information and in refusing to submit to arbitration, Defendants acted in bad faith. Pl's mot., p. 22 ("Defendants Consolidated and Cosco... refus[ed] to arbitrate an Article 3 grievance in the face of plain contract language requiring such arbitration.") Accordingly, Plaintiff argues it is entitled to an award of attorneys' fees in this matter. *Id.* The Court agrees.

 A district court may award attorneys' fees if it finds that the losing party acted in bad faith, vexatiously or for oppressive reasons. *International Union of Petroleum & Indus. Workers v. Western Industrial Maintenance, Inc.*, 707 F.2d 425, 428 (9th Cir.1983). "[An] award of fees is appropriate when a party frivolously or in bad faith refuses to submit a dispute to arbitration...." *United Food & Commercial Workers Union, Locals 197 v. Alpha Beta Co.*, 736 F.2d 1371, 1383 (9th Cir.1984).

 Plaintiff argues that Defendants have acted in bad faith by employing delay tactics to avoid compliance with the Agreement. Pl's reply, at p. 7. Plaintiff argues, for example, that Defendants' claim that they could not provide the information sought by Plaintiff (or submit to arbitration) until the NLRB decided whether Firetrol was bound by the Agreement was made in bad faith. Pl's mot., at pp. 13–15, 22 (noting that Cosco is bound by Article 3 regardless of whether Firetrol is bound by it). Additionally, Plaintiff argues that Defendants' claim that the Article 3 grievance violates federal labor law was made in bad faith because it is premature to determine whether Plaintiff's application of Article 3 is unlawful. Pl's reply, at p. 5 ("[A] conflict between an arbitrator's decision and federal labor law 'is necessarily speculative when the arbitrator has yet to rule.'" *UFCW, Locals 197,* 736 F.2d at 1376). In *United Food,* the Court of Appeals for the Ninth Circuit held that evidence of delay tactics and inconsistent positions taken by an employer throughout a proceeding to compel arbitration was sufficient to support the trial court's exercising its discretion in awarding attorneys' fees to a union, on grounds of the employer's bad faith. *United Food,* 736 F.2d at 1382–83. In the instant case, Defendants Cosco and Consolidated have asserted a series of defenses that indicate a bad faith intent to delay arbitration. An award of attorneys' fees is therefore warranted. The Court will consider properly noticed and supported motion for attorneys' fees.

### IV. Conclusion

Neither party to this case disputes the fact that Defendant Cosco is a signatory to the Agreement and that Article 3 of the Agreement is valid on its face. Article 3 dictates that all disputes arising under that section shall be submitted to arbitration. The matter is ripe for consideration by an arbitrator.

The Court grants Plaintiff's Motion for Summary Judgment (docket #10) and compels arbitration. Plaintiff shall lodge a proposed judgment, consistent with this order, within ten days of the entry of this order.