**LOCAL UNION NO. 59, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO, Plaintiff-Appellant,**

v.

**NAMCO ELECTRIC, INC., Defendant-Appellee.**

No. 80–1706.

United States Court of Appeals, Fifth Circuit.

Unit A

Aug. 7, 1981.

David R. Richards, Austin, Tex., for plaintiff-appellant.

Gardere, Wynne & Jaffe, Ronald M. Gaswirth, Dallas, Tex., for defendant-appellee.

* Senior Judge of the United States Court of Claims, sitting by designation.

Before SKELTON *, Senior Judge, and RUBIN and REAVLEY, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

A union seeks to bind a corporate employer to a collective bargaining agreement to which the employer was not a party on varying claims, not fully differentiated in the pleadings, that the corporation was a sham, a fictitious entity, or the alter ego of a corporation that was a signatory to the agreement. Concluding that, on the record before us, the material facts beyond genuine dispute establish that the two corporations were real, separate entities and that, therefore, no breach of contract can be established, we affirm a summary judgment for the corporate employer.

I.

Frauman Electric Co., Inc., acting through Northeast Texas Chapter, National Electrical Contractors Association, entered into a collective bargaining agreement with Local 59, International Brotherhood of Electrical Workers. The union, however, brought suit for violation of that contract against another corporation, Namco Electric, Inc. The union admits that Namco is not a signatory to the contract, but alleges nonetheless that Namco is bound by its terms. The bases for the union's claim are not clear and its allegations are to some extent self-contradictory.

Its complaint alleges in one place that, before the contract was executed, Namco had been operating under the trade name of Frauman, thus, the union contends, leading to the inferences that Namco was the contracting entity, that Frauman was a mere trade name adopted by Namco, and that Namco is now bound by prior actions taken by Frauman, particularly the signing of the collective bargaining agreement. One page later, the same complaint alleges that Frauman or its owners own or control Namco and that, after the contract was executed, Namco began business under the name of Frauman Electric, and that Namco is a "fictitious identity" assumed by Frauman.

It is clear, however, that the gravamen of the union's suit against Namco is breach of contract, in reliance on Section 301, Labor Management Relations Act, 29 U.S.C. § 185.

## II.

In support of Namco's motion for summary judgment, it offered a petition to the National Labor Relations Board [NLRB], filed by the union in 1978, seeking clarification of its bargaining unit. The unit was originally certified about 1965. This petition recites that the employer is "Frauman Electric Co./Namco Electric Contracting Co./Namco Electric Co." It seeks a determination that the union represents all employees of this conglomerate employer. Namco also offered a letter from the regional director of the NLRB to the union, in response to that petition, stating that the petition had been "carefully investigated and considered," but that no evidence has been offered to substantiate the allegation that Namco's employees "are an accretion" to Frauman's employees. The letter continues,

> As a result of the investigation, . . . it appears that neither company has operating labor relations control over the other and Frauman Electric has neither common officers nor managing officials with Namco. The employees do not interchange between the two companies; there is no common purchasing or utilization of materials or equipment; and the two businesses do not work together in any respect. I am, therefore, dismissing this petition as inappropriate. *Bradford-Robinson Printing Co.*, 193 NLRB 928; *Radio Union v. Broadcast Service of Mobile, Inc.*, 380 U.S. 255, 85 S.Ct. 876 [13 L.Ed.2d 789].

Pursuant to the National Labor Relations Board Rules and Regulations, you may obtain a review of this action by filing an appeal with the National Labor Relations Board, Washington, D.C. 20570, by close of business on November 15, 1978.

The findings related in this letter, which resulted from an NLRB investigation, are admissible in evidence. Rule 803(8)(C), Federal Rules of Evidence;[1] Rule 56(e), F.R.Civ.P. *See United States v. School District of Ferndale*, 577 F.2d 1339, 1354–55 (6th Cir. 1970); *Fraley v. Rockwell International*, 470 F.Supp. 1264 (S.D.Ohio 1979).

In response, while the union submitted no affidavits or other evidentiary materials, it filed depositions taken from two union witnesses in which the witnesses testified that, although Namco and Frauman have separate employees, construction contracts bid for by Frauman were, on at least two occasions, performed by Namco; the companies had, in some instances, exchanged tools and machinery; and the Frauman estimator estimated job costs for some Namco bids. There was also inferential testimony that the two corporations are owned by the same person and managed with the same hand. The union did not file in the record the collective bargaining agreement on which it relies, although we assume that the union correctly interprets that contract.

Aside from these materials the factual record is sparse. The record contains a number of motions filed by Namco's lawyer requesting continuances of the trial date, acquiesced to by the union's lawyer; inter-

---

1. F.R.Evid. 803 provides in pertinent part:
   The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

   \*    \*    \*    \*    \*    \*

   (8) *Public records and reports.* Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, *factual findings resulting from an investigation made pursuant to authority granted by law*, unless the sources of information or other circumstances indicate lack of trustworthiness.
   Rule 803(8), Fed.R.Evid. (emphasis supplied). There is certainly nothing disclosed by the record, or the letter itself, to indicate that the Board's findings lack trustworthiness.

rogatories propounded by Namco to the union that were answered only by contentions that Namco's own records contain the information Namco sought; and interrogatories propounded by the union to Namco rephrasing and posing the same questions put to Namco by the union, to which no answer is found in the record.

No evidentiary materials have been submitted to show the existence of a genuine dispute concerning the following facts: Namco and Frauman are separate corporations. Each has its own employees. They do not interchange employees, although, based on the union's depositions, Frauman's estimator may compute Namco's bids. They interchange some equipment. They do not work together. The union has been certified as a bargaining agent only for Frauman's employees. Only Frauman is party to the union agreement.

The union contends that, since the NLRB's investigation, it has acquired additional information regarding the identity of the two corporations. It did not, however, place any newly found knowledge in the record in a manner sufficient to withstand summary judgment. Rule 56, Fed.R.Civ.P. We are constrained to review only those exhibits, depositions, and affidavits that were presented to, and considered by, the trial court. The court of appeals is not the proper forum in which to present new facts or proffer new evidence. *Garcia v. American Marine Corp.*, 432 F.2d 6, 8 (5th Cir. 1970); *Ingalls Iron Works Co. v. Fruehauf Corp.*, 518 F.2d 966 (5th Cir. 1975). *See* 10 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2716 (1973). The party opposing the summary judgment, here the union, has an obligation, unless certain conditions not here relevant are met, to present evidentiary materials. *Id.* at §§ 2739 and 2740. The union did not come forward with such material and there is simply no evidence that Namco was a sham, a fictitious entity, or a mere alter ego of Frauman. Without proof, sufficient to withstand summary judgment, that Namco is the alter ego of Frauman, the union is unable to prevail on its claim for breach of contract. For that reason, the grant of a summary judgment was appropriate. Because this was not the ground upon which the district court levered its decision, however, we will discuss briefly the jurisdictional basis upon which the district judge relied.

## III.

In *South Prairie Construction Co. v. Local 627, International Union of Operating Engineers*, 425 U.S. 800, 96 S.Ct. 1842, 48 L.Ed.2d 382 (1976), the Supreme Court held that the courts of appeals are without jurisdiction to determine initially whether the employees of two affiliated firms that constitute a "single employer" are an appropriate employee wide bargaining unit, because that determination is reserved in the first instance for the NLRB. The Board's determination, while subject to review, "is rarely to be disturbed." *Packard Motor Car Co. v. NLRB*, 330 U.S. 485, 491, 67 S.Ct. 789, 793, 91 L.Ed. 1040, 1050 (1947). The district court here considered that *South Prairie* denied it jurisdiction over this action because a representational issue was involved.[2]

Without at this time attempting to explore the full reach of the *South Prairie* decision, we assume, without deciding, that it does not foreclose jurisdiction of a claim for contract breach based on proof that the defendant, while not expressly bound by a collective bargaining agreement, is the alter ego of a signatory to the agreement. Relying on this proposition, the union contends that the district court incorrectly held that it lacked jurisdiction.

That Namco is but Frauman in another garb, is a possible interpretation of the allegations in the complaint. Because the Frauman employees had already been certified as an appropriate bargaining unit, such a circumstance would not present a question of the propriety of the bargaining unit.

**2.** *Compare Local 3–193, International Woodworkers v. Ketchikan Pulp Co.*, 611 F.2d 1295 (9th Cir. 1980).

The motion for summary judgment and supporting materials have demonstrated, however, that the contention in the complaint is not a permissible version of the facts. Our affirmance, therefore, is based, not on lack of jurisdiction to consider the complaint, but on its absence of merit.

The union's reliance on *Bugher v. Frash*, 98 LRRM 3010 (S.D.Ind.1977), is misplaced, for in that case the question, raised on a motion to dismiss for failure to state a claim for which relief could be granted, was solely whether a corporation "could *conceivably* be found to be bound to the labor contracts entered into by its alleged *alter ego.*" *Id.* at 3011 (emphasis supplied). The record before us establishes beyond genuine dispute that Namco and Frauman were separate entities and that Namco was not the alter ego of Frauman. Therefore, the hypothetical posed by the procedural posture in *Frash* is not here relevant.

## IV.

Whether two firms are a single employer for collective bargaining purposes and whether a single contract is binding on two separate corporations are not only different questions, but they may have different answers. *Compare NLRB v. Don Burgess Constr. Corp.*, 596 F.2d 378, 386 (9th Cir. 1979). Facts may be supposed, however, that would make the answers identical. The only question we are here required to resolve is whether Namco, the entity against which the union brought suit, is bound by the collective bargaining agreement under which liability is alleged. Finding that Namco is not an alter ego of Frauman and is, therefore, not bound by the agreement, we need not, indeed we are forbidden by Article III to, consider hypothetical problems, however fascinating.

Deciding only the case now before us, we hold that the material facts established beyond genuine dispute in this record support summary judgment. It is, accordingly, AFFIRMED.