**MASSACHUSETTS STATE CARPENTERS ANNUITY FUND, Massachusetts State Carpenters Pension Fund, Boston and Vicinity Carpenters Health and Welfare Fund, Massachusetts Carpenters Training Fund, Boston Carpenters Apprenticeship and Training Fund, Boston Carpenters Promotional and Educational Material,**

v.

**CARDARELLI CONSTRUCTION CO., INC., Canterbury Construction Co.**

**Civ. A. No. 85–0566–Mc.**

United States District Court,
D. Massachusetts.

June 3, 1985.

Michael A. Feinberg, Feinberg & Feld, Boston, Mass., for plaintiffs.

Carol Chandler, Stoneman, Chandler & Miller, Boston, Mass., for Canterbury Const. Co.

John D. O'Reilly III, Framingham, Mass., for Cardarelli Const. Co.

ORDER ON MOTION OF DEFENDANT, CARDARELLI CONSTRUCTION CO., INC. FOR PROTECTIVE ORDER (# 24, filed 5/13/85)

ROBERT B. COLLINGS, United States Magistrate.

The Complaint in the instant case is in two counts and seeks to compel the defend-ants to make their delinquent payments to the plaintiff funds. Jurisdiction is invoked under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3)(B)(ii), (d)(1) and (f) and § 301 *et seq.* of the Labor Management Relations Act of 1947 ("LMRA: 29 U.S.C. § 185 *et seq.*). Count I alleges that Canterbury Construction Company (hereinafter "Canterbury") is an *alter ego* of Cardarelli Construction Company (hereinafter "Cardarelli"), and, therefore, must contribute to the plaintiff funds in accordance with the collective bargaining agreement between Cardarelli and the union. Count II alleges that Cardarelli has such a "significant degree of ownership, management or control" of Canterbury that the collective bargaining agreement between the union and Cardarelli is fully applicable to job site construction work done by Canterbury, and that, therefore, Cardarelli must make contributions to the plaintiff funds "... for hours worked by employees of Canterbury Construction Co. on job site construction work performed by Cardarelli Construction Co., Inc. under the name of Canterbury Construction Co.". (Complaint, ¶ 25.)

On May 13, 1985, Cardarelli filed Motion Of Defendant, Cardarelli Construction Co., Inc. For Protective Order (# 24) seeking a prohibition of any discovery by the plaintiffs of defendants until the plaintiff funds "... seeking information [have] set forth the factual basis for [their] claim that the two corporations have an "alter ego" relationship." Motion, ¶ (C).

In essence, the defendant's position is that discovery of the defendants in this litigation is governed by the same procedures as the National Labor Relations Board employs to determine whether an employer has committed an unfair labor practice in refusing to turn over information as requested by a union with whom a collective bargaining agreement exists. In those situations, the union must show that the information is relevant to the enforcement of the collective bargaining agreement or will aid investigation of contract

violations provided that there is a reasonable basis to suspect such violations have occurred. The Board applies this standard to the situation in which the union alleges that one corporation is an *alter ego* of another or are, in fact, single employers. If the union requests information regarding an entity which is not a party to the collective bargaining agreement but is alleged to be an alter ego and the employer refuses to produce the information, the union can file a complaint with the Board alleging that such refusal is an unfair labor practice. At a hearing before the Board, the union must show that the information is relevant. The standard in such situations was recently restated by the Fourth Circuit Court of Appeals as follows:

> To establish that the information was relevant, the union must show that it had a reasonable belief that enough facts existed to give rise to a reasonable belief that the two companies were in legal contemplation a single employer.

*Walter N. Yoder & Sons v. N.L.R.B.*, 754 F.2d 531, 536 (4 Cir., 1985).

*See also N.L.R.B. v. Associated General Contractors*, 633 F.2d 766 (9 Cir., 1980); *San Diego Newspaper Guild v. N.L.R.B.*, 548 F.2d 863 (9 Cir., 1977). The Board then determines whether the union has met its burden, and the Board's decision may be reviewed by the Court of Appeals.

The question to be decided in this case is whether the same procedure governs discovery in a civil case in Federal court in which trustees of the plaintiff plans seek the information through avenues of discovery set up by the Federal Rules of Civil Procedure. In order to obtain such discovery, must they demonstrate that enough facts exist to give rise to a reasonable belief that Cardarelli and Canterbury are in legal contemplation either a single employer or that Canterbury is an *alter ego* of Cardarelli? There do not appear to be any cases on the issue, probably because in most cases, the matter comes to the appellate courts directly from the NLRB, and the agency's determination is accorded great deference by the Courts. *See South*

*Prairie Construction Co. v. Local 627, International Union Of Operating Engineers*, 425 U.S. 800, 96 S.Ct. 1842, 48 L.Ed.2d 382 (1976); *Local Union No. 59, International Brotherhood Of Electrical Workers, AFL–CIO v. Namco Electric, Inc.*, 653 F.2d 143 (5 Cir., 1981). However, there is authority for the proposition that courts do have authority to decide the issue when there has been no prior resort to the NLRB. *Carpenters Local Union No. 1846 Of The International Brotherhood Of Carpenters And Joiners Of America, AFL–CIO v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 513–16 (5 Cir., 1982). But in those cases, there is no indication that discovery under the Federal Rules is in any way limited by Board practice. In fact, there is a suggestion to the contrary. In the case of *Local Union No. 59, Etc. v. Namco Electric, Inc., supra*, the Court is seemingly critical of the union for not taking the discovery necessary to defeat the employer's motion for summary judgment. 653 F.2d at 145–46.

In my judgment, discovery in a civil case filed in a Federal court is to be governed solely by the Federal Rules of Civil Procedure regardless of the preconditions which might exist to the obtaining of such information in administrative proceedings before the NLRB. In the usual course, a union's request for such information is made directly to the employer, and if the employer refuses, the union may invoke the jurisdiction of the NLRB by alleging that the refusal is an unfair labor practice. Whether it is or not depends on whether the union can present facts supporting a reasonable belief that the information is relevant to a violation of the collective bargaining agreement.

The situation in a civil case is quite different. In the instant case, the plaintiff funds have filed a Complaint alleging that Canterbury is an *alter ego* of Cardarelli and that Canterbury and Cardarelli constitute a single employer. The Complaint is signed by the attorney for the Plans. Rule 11, F.R.Civ.P., is applicable, and provides, in pertinent part:

The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact ...

When a complaint alleging that two corporations are a single employer or that one is an alter ego of the other is filed, and the complaint bears the attorney's signature, there exists no further requirement that the plaintiffs make any showing of a reasonable belief based on fact that what is alleged is so before they are entitled to discovery. They are entitled to discovery which is "relevant" as that term is used in Rule 26(b)(1), F.R.Civ.P. And "relevant" as the term is used in that Rule has been defined by the Supreme Court as follows:

> The key phrase in this defintion—"relevant to the subject matter involved in the pending action"—has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *See Hickman v. Taylor,* 329 U.S. 495, 501, 67 S.Ct. 385, 388, 91 L.Ed. 451 (1947).

*Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 352, 98 S.Ct. 2380, 2390, 57 L.Ed.2d 253 (1978).

Discovery of the relationship between the two corporations, including discovery from Canterbury, a non-party to the collective bargaining agreement, is certainly "relevant" to the *issues* raised by the Complaint. Defendant's motion seeks a protective order to the effect that discovery by plaintiffs in this case be prohibited until such time as the plaintiffs seeking discovery set forth the factual basis for their claim that the two corporations have an *alter-ego* relationship. Motion, ¶ (C). I rule that it is not a precondition to discovery in this case that the plaintiffs make such a showing.

Accordingly, it is ORDERED that the Motion Of Defendant Cardarelli Construction Co., Inc. For Protective Order (# 24) be, and the same hereby is, DENIED.