IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40575
Conference Calendar
_____

FILEMON GUTIERREZ ALCALA,

Plaintiff-Appellant,

versus

UNICOR INDUSTRIES; DAVID H. ROSOW,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-99-CV-137
- - - - - - - - - -
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Filemon Gutierrez Alcala appeals from the grant of summary judgment for defendant David Rosow.  Alcala filed the instant lawsuit against Rosow and Federal Prison Industries (UNICOR) alleging an Equal Protection violation regarding a UNICOR work-assignment policy under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

For the first time on appeal, Alcala has alleged various new facts and claims.  This court cannot consider such new facts and claims.  See Hansen v. Continental Ins. Co., 940 F.2d 971, 983

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

n.9 (5th Cir. 1991); <u>Local Union No. 59 v. Namco Elec., Inc.</u>, 653 F.2d 143, 146 (5th Cir. 1981).

Alcala has explicitly abandoned his Equal Protection claim based on his race or his status as a Mexican citizen.  He instead argues that his Equal Protection claim was based on disparate hiring amongst Mexican citizens who were under deportation orders.  Such a claim fails to state an Equal Protection violation not because it is based on inconsistent application of the UNICOR policy but because the UNICOR policy itself is not irrational.  Because Alcala failed to state a constitutional violation, Rosow was entitled to summary judgment.  <u>See</u> <u>Evans v. Ball</u>, 168 F.3d 856, 863 (5th Cir. 1999).

Accordingly, the district court's judgment is AFFIRMED.