[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10908
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 5, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:10-cv-61207-FAM
BKCY No. 0:08-bkc-19067-JKO

CHARLES D. FRANKEN,
CHARLES D. FRANKEN PA,

Plaintiffs-Appellants,

versus

TRUSTEE,
Barry E. Mukamal,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 5, 2011)

Before HULL, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Charles D. Franken and his law firm, Charles D. Franken, P.A. (collectively,

Franken), appeal an order of the bankruptcy court sanctioning Franken for ethical

violations committed while representing a debtor in underlying bankruptcy proceedings. On appeal, Franken argues that (1) the bankruptcy court abused its discretion in sanctioning him, and (2) he was denied due process because the bankruptcy court was "inconsistent" and evidenced bias against him by mocking him at the sanctions hearing. We address these arguments in turn.

I.

Franken first contends the bankruptcy court abused its discretion in sanctioning him because (1) the court's findings that he acted in bad faith and violated court orders were not supported by the record and issued without warning, (2) Franken's submissions were not frivolous, and (3) the court erred in determining the amount of the sanction award. Federal courts, including bankruptcy courts, possess inherent authority to impose sanctions against attorneys and their clients. *In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008). "This power is derived from the court's need to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006) (alteration in original) (quotation omitted). Further, a bankruptcy court has the authority to "*sua sponte*, tak[e] any action or mak[e] any determination necessary or appropriate to enforce

or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a).

We review the exercise of these powers for abuse of discretion. *In re Sunshine Jr. Stores*, 456 F.3d at 1304. Under this standard, "we ask whether [the court] 'applie[d] the wrong legal standard or ma[de] findings of fact that are clearly erroneous.'" *Id.* (some alterations in original) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001)).

The bankruptcy court did not abuse its discretion in sanctioning Franken. The record is replete with evidence that Franken repeatedly sought to represent parties with directly opposing interests both in the bankruptcy action and in outside litigation. Franken also was responsible for submitting false and misleading documents to the court, and for filing several frivolous pleadings without conducting any diligence to determine their legal or factual validity. To the extent Franken challenges the amount of the sanction award, we cannot review the bankruptcy court's findings relating to the Trustee's counsel's time sheets

because Franken has not provided the time sheets necessary to review these findings.[1]  Thus, we affirm the sanction award against Franken.[2]

## II.

Next, Franken asserts the bankruptcy court denied him due process and was biased against him.  "We review constitutional challenges, including alleged due process violations, *de novo*."  *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010).  We review for abuse of discretion a judge's decision whether to

---

[1] "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion."  Fed. R. App. P. 10(b)(2).  We "must affirm the district court when an appellant fails to provide all the evidence that the trial court had before it when making various contested evidentiary rulings."  *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

[2] On August 23, 2011, Franken moved for a limited remand, arguing newly discovered evidence contradicts testimony presented to the bankruptcy court at the sanction hearing.  Franken has not filed a motion for reconsideration in the bankruptcy court.  *See* Fed. R. Bank. P. 9024; Fed. R. Civ. P. 60(b).  "The court of appeals is not the proper forum in which to present new facts or proffer new evidence."  *Local Union No. 59, Int'l Bhd. of Elec. Workers, AFL-CIO v. Namco Elec., Inc.*, 653 F.2d 143, 146 (5th Cir. 1981).  A party proffering newly discovered evidence may obtain an indicative ruling from a district court concerning relief from judgment pending appeal.  *See* Fed. R. Civ. P. 62.1; Fed. R. App. P. 12.1.  After filing a motion for relief from judgment, a party then must file a motion to stay the appeal.  11th Circuit Rule 12.1-1(a).  Franken failed to follow these procedures, completely bypassing the district court.  Further, even if we were to assume the facts as presented in the affidavit, Franken's other contemptible conduct before the bankruptcy court supports the sanctions order.  We therefore deny his motion for remand.

In his response to the motion for limited remand, the Trustee requests sanctions for the filing of Franken's "frivolous" motion.  Although a response may include a motion for affirmative relief, such a motion "must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it."  Fed. R. App. P. 27(a)(2) &(3)(B).  The Trustee's perfunctory and conclusory request for sanctions fails to meet the particularity requirement and is therefore denied.

recuse himself based on allegations of pervasive bias. *See In re Walker*, 532 F.3d 1304, 1310-11 (11th Cir. 2008).

Due process requires that a party have adequate notice of the consequences of the conduct for which he has been sanctioned. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962). "The adequacy of notice and a hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." *Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1452 (11th Cir. 1985) (quoting *Link*, 370 U.S. at 632).

Franken received more than adequate notice of the possibility of sanctions against him. Franken appeared at several hearings to argue in defense of his conduct, including the sanctions hearing. Despite numerous warnings and several opportunities to defend his actions, Franken persisted in an unethical and conflicted representation of the Debtor and parties with interests directly opposed to the Debtor. To the extent Franken asserts the bankruptcy judge was biased against him, the argument is frivolous and belied by the record. As evidence of bias, Franken cites only the judge's various rulings, questions at the hearing, and a stray comment in which Franken felt "mock[ed]" by the judge. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."

*Liteky v. United States*, 510 U.S. 540, 555 (1994).  And even if the judge made a comment "mocking" Franken, "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women . . . sometimes display," do not establish bias or partiality.  *Id.* at 555-56.  Franken received due process and failed to show any evidence of judicial bias.  Thus, we affirm.

**AFFIRMED.**