[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13882

Non-Argument Calendar

_____

MARGARET M. WOODS,

Plaintiff-Appellant,

*versus*

LOCKHEED MARTIN CORPORATION,

Defendant-Appellee,

MARILYN A. HEWSON,
President & CEO,

Defendant.

—————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:18-cv-03501-SDG

—————————————

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Margaret Woods, proceeding *pro se*, appeals from the dismissal of several race and sex discrimination claims against her employer, Lockheed Martin, under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* She also appeals from the later grant of summary judgment on another of those claims. And she challenges the district court's denial of her motion for subpoenas, as well an award of litigation costs to Lockheed Martin. After careful consideration, we affirm in part and dismiss in part.

## I.

Woods is an African American woman who worked for Lockheed Martin as a technical, senior-level manager. But the company decided to consolidate her position with a similar one. To evaluate the potential candidates for the consolidated position, the company grouped Woods together with three other senior managers and scored them according to their skills, knowledge, experience, and behavior. Woods received the lowest score, so in 2016, she lost the consolidated position to the next highest scorer, a white

man. Woods was demoted to a lower-level management position, in which she received reduced pay. Lockheed Martin also rescinded a $19,200 performance bonus that she was expecting.

Woods had an increased workload in her new role, and she was assigned to an assembly line with other workers below her pay level. She also experienced "enhanced scrutiny" over her work, was left off some leadership communications, and was denied training that some of her white male colleagues received.

On January 18, 2017, Woods filed a Charge of Discrimination with the Equal Employment Opportunity Commission, asserting that Lockheed Martin had discriminated against her because of her race and sex. On February 20, 2017, she also sent an internal complaint to the company.

During her mid-year review on August 9, 2017, Woods's director told her that she was being investigated for unruly behavior, and that he was trying to move her out of management. He likewise gave her a poor performance rating that impacted her salary.

On February 2, 2018, Woods received a termination notice. After she was fired, a white man took over her position.

Woods sued Lockheed Martin in federal court for violating 42 U.S.C. § 1981 and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* Her complaint did not list specific counts, but the district court construed it as bringing the following claims: hostile work environment; disparate impact discrimination; retaliation;

and disparate treatment through demotion, failure to promote, and termination.

Lockheed Martin moved to dismiss Woods's complaint for failure to state a claim. The district court granted the motion in full. It dismissed Woods's hostile work environment and failure to promote claims with prejudice because she had failed to exhaust her administrative remedies for those claims before the EEOC. But it dismissed her remaining claims without prejudice and granted her leave to amend her complaint.

Woods filed an amended complaint reasserting her claims for disparate impact, retaliation, and disparate treatment through demotion and termination. Lockheed Martin again moved to dismiss for failure to state a claim. The district court denied that motion as to Woods's claim for disparate treatment through demotion. But it dismissed with prejudice her claims for disparate impact, retaliation, and disparate treatment through termination.

After discovery, Lockheed Martin moved for summary judgment on the claim for disparate treatment through demotion. Along with other materials, it attached a statement of material facts. Woods opposed the motion for summary judgment, but she did not submit her own statement of material facts. So in accordance with the local rules, the district court deemed the facts as stated by Lockheed Martin to be admitted. Based on those facts, the district court granted Lockheed Martin's motion for summary judgment and dismissed Woods's claims with prejudice. It reasoned that Lockheed Martin had articulated a legitimate, non-

discriminatory reason for demoting Woods (i.e., that she had received the lowest performance score), and that Woods had failed to present evidence that the scoring system or the consolidation process were pretexts for discrimination.

After the district court entered summary judgment, Lockheed Martin filed a bill of costs requesting that the district court award it $3,231.90 for fees associated with obtaining deposition transcripts. Woods timely appealed the grant of summary judgment. After she did so, the district court granted Lockheed Martin's request for an award of costs.

## II.

We review a district court's dismissal for failure to state a claim *de novo. Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The district court must view the complaint in the light most favorable to the plaintiff, and all the plaintiff's well-pleaded allegations are accepted as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).

We review the entry of summary judgment *de novo. Thomas v. Cooper Lighting Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007). Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A factual dispute is genuine if it has a real basis in the record and the evidence is such

that a reasonable jury could rule in favor of the nonmovant. *Ellis v. England*, 432 F.3d 1321, 1325-26 (11th Cir. 2005).

We review a district court's discovery rulings for abuse of discretion. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 837 (11th Cir. 2006). And we liberally read briefs filed by *pro se* litigants. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

## III.

Woods asserts that the district court erred by dismissing her claims for hostile work environment, disparate impact, retaliation, and disparate treatment through failure to promote and termination. She likewise argues that the district court erred by granting summary judgment to Lockheed Martin on her claim for disparate treatment through her demotion. And she asserts that it abused its discretion by denying her motion to subpoena certain witnesses. Finally, she argues that Lockheed Martin's request for an award of litigation costs was irrational. We address each of these issues in turn.

### A.

First, Woods appears to argue that, because she mentioned a hostile work environment in the Charge of Discrimination form that she filed with the EEOC, the district court wrongly dismissed her hostile work environment claim on the ground that she had failed to exhaust her administrative remedies.

21-13882                Opinion of the Court                7

Before filing a Title VII action in the district court, "a plaintiff must file a charge of discrimination with the EEOC." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004). A "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge . . . ." *Id.* at 1280 (quoting *Alexander v. Fulton Cnty.*, 207 F.3d 1303, 1332 (11th Cir. 2000)). Accordingly, we will consider claims only if they "'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint." *Id.* at 1279 (quoting *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989)).

Along with her initial complaint, Woods apparently submitted only the first page of her earlier EEOC charge. That page did not mention a hostile work environment; nor did it allege facts that would support such a claim. So, with only that page in view, the district court dismissed her hostile work environment claim with prejudice on exhaustion grounds. *See Bryant v. Rich*, 530 F.3d 1368, 1375–76 (11th Cir. 2008) (explaining that failure to exhaust administrative remedies is grounds for dismissal).

But at the summary judgment stage—more than a year after her hostile work environment claim had been dismissed with prejudice—Woods submitted her EEOC charge in complete form. As it turns out, the second page of that charge had stated that Lockheed Martin's leadership "upheld a hostile environment." On appeal, Woods says that she "regrets allowing" the form "to be altered." But because Woods failed to submit the remaining pages until long after the district court made its exhaustion

determination, we will not consider them now. *See Loc. Union No. 59, Int'l Bhd. of Elec. Workers, AFL-CIO v. Namco Elec., Inc.*, 653 F.2d 143, 146 (5th Cir. 1981) ("The court of appeals is not the proper forum in which to present new facts or proffer new evidence.").

Even if Woods had exhausted her administrative remedies, she still failed to state a hostile work environment claim under Section 1981. To do so, she needed to allege that she experienced "severe or pervasive" harassment based on her protected status. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010). And as the district court correctly observed, Woods did not specifically allege any such harassment by Lockheed Martin or its employees. Consequently, the district court correctly dismissed Woods's hostile work environment claim.

## B.

Second, Woods argues that the district court erred in dismissing her disparate impact claim.

A claim for disparate impact under Title VII consists of three elements. First, there must be a "a significant statistical disparity between the proportion of [members of a protected class] in the available labor pool and the proportion of [those individuals] hired." *E.E.O.C. v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1274 (11th Cir. 2000). Second, there must be "a specific, facially-neutral, employment practice which is the alleged cause of the disparity." *Id.* Third, there must be "a causal nexus exists between the specific

employment practice identified and the statistical disparity shown." *Id.*

Woods asserts that her former department is led entirely by white people. But even if this is true, she has failed to allege a statistical disparity between the proportion of African American or female applicants in the labor pool as compared to those hired by Lockheed Martin. On this basis alone, she failed to plausibly state a claim of disparate impact, so dismissal was proper. *See id.*

## C.

Third, Woods argues that the district court erred in dismissing her claim that Lockheed Martin retaliated after she filed her EEOC charge and her internal complaint.

To succeed on a retaliation claim under Title VII, a "plaintiff must show (1) that she engaged in statutorily protected expression; (2) that she suffered an adverse employment action; and (3) that there is some causal relation between the two events." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007). A plaintiff can establish causation by "showing close temporal proximity between the statutorily protected activity and the adverse employment action." *Id.* at 1364. However, "mere temporal proximity, without more, must be 'very close.'" *Id.* So as a matter of law, a "three to four month disparity between the statutorily protected expression and the adverse employment action is not enough" absent other evidence showing causation. *Id.*

The district court noted that Woods only alleged retaliatory

acts—such as the reduction of her hourly rate, the rescinding of a $19,200 performance bonus, an unfavorable performance review, and her eventual termination—that "occurred either *before* or, at the soonest, over three months *after* she filed her EEOC charge or internal complaint." Because Woods could not state a plausible claim with such an attenuated temporal relationship, the court dismissed her retaliation claim.

On appeal, Woods repeats some of the same allegedly retaliatory actions she asserted below. But she does not challenge the district court's finding that those events were too temporally removed from her statutorily protected expression to establish causation. She has therefore abandoned any such challenge, and the dismissal of her retaliation claim is due to be affirmed. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014); *see also Timson*, 518 F.3d at 874 (holding that issues not briefed by *pro se* litigants are abandoned).

## D.

Fourth, Woods asks that we review her disparate treatment claims. Liberally construing her brief, we will assume she refers to the district court's dismissal of her claims of disparate treatment through failure to promote and termination, as well as the grant of summary judgment on the disparate treatment claim concerning her demotion.

As to the failure to promote claim, the district court again dismissed because Woods had failed to exhaust her administrative

remedies. The court explained that this claim was not related to, nor could it have grown out of, any of the allegations contained in the single page of the EEOC charge that she submitted.

On appeal, Woods repeats some allegations that Lockheed Martin refused to hire her for other positions in the company that she applied for. But she fails to grapple with the district court's exhaustion analysis, which was dispositive. *See Bryant*, 530 F.3d at 1375–76. She has therefore abandoned her challenge to the dismissal of this claim. *See Sapuppo*, 739 F.3d at 680.

### E.

Fifth, we turn to the district court's dismissal of Woods's claim for disparate treatment through termination.

To state a claim for disparate treatment under Title VII, Woods needed to plausibly allege that "(1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) her employer treated similarly situated employees outside of her protected class more favorably than she was treated; and (4) she was qualified to do the job." *Burke-Fowler v. Orange Cnty.*, 447 F.3d 1319, 1323 (11th Cir. 2006).

The district court dismissed this disparate treatment claim because Woods failed to allege "facts suggesting her race or sex played a role in her termination." It noted that she only alleged that she was replaced by white men, and she made conclusory assertions that this action violated her rights.

On appeal, Woods does not point to any specific flaw in the district court's reasoning on this issue. Instead, she broadly states that the district court "erred in analyzing the facts of this case subjectively," and asserts that her termination was racially motivated. Because Woods has only challenged the district court's judgment "in a perfunctory manner without supporting arguments and authority," we conclude that she has abandoned her disparate treatment claim based on her termination. *Sapuppo*, 739 F.3d at 680, 681.

## F.

Sixth, Woods argues that the district court incorrectly granted summary judgment to Lockheed Martin on the remaining disparate treatment claim related to her demotion.

A plaintiff can prove an employment discrimination claim through circumstantial evidence, which we generally analyze using a three-step burden-shifting framework. *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272 (11th Cir. 2002). Under this framework, the plaintiff must first establish a *prima facie* case of discrimination. *Id.* If she does so, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its action. *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1220-21 (11th Cir. 2019) (en banc). If the employer does so, the burden shifts back to the plaintiff to show that the stated reason is pretextual. *Id.*

To show pretext and avoid summary judgment, the plaintiff must introduce "significantly probative evidence" that the

proffered reason is false, and that discrimination was the true reason for the action in question. *Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala.*, 446 F.3d 1160, 1163 (11th Cir. 2006) (quoting *Clark v. Coats & Clark, Inc.*, 990 F.2d 1217, 1228 (11th Cir. 1993)). In the context of a promotion (or demotion), it is not enough that the plaintiff "was better qualified than the [person] who received the position [she] coveted." *Id.* (quoting *Alexander*, 207 F.3d at 1339). Instead, the "plaintiff must show that the disparities between the successful applicant's and her own qualifications were 'of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff.'" *Id.* (quoting *Cooper v. S. Co.*, 390 F.3d 695, 732 (11th Cir. 2004)).

Here, the district court noted that Woods established a *prima facie* case of race and sex discrimination because she is an African American woman, her demotion was an adverse employment action, and a white man—who was allegedly less experienced than she—was selected to take her previous job. *See Ezell v. Wynn*, 802 F.3d 1217, 1226 (11th Cir. 2015). But Lockheed Martin also provided a legitimate, non-discriminatory reason for the demotion: the man selected for the consolidated position had a higher performance score than Woods. Consequently, Woods bore the burden of showing that the performance scoring or the consolidation process were pretexts for discrimination.

We agree with the district court that she has failed to do so. As discussed above, Woods asserts that her former department is

led solely by white people. But she does not cite the record for her assertion. And even if true, this fact alone would not establish that her demotion was discriminatorily motivated. Woods also posits that the performance scoring system was subjective in nature, and that there is a statistically significant racial disparity in the results it produced. But she cites no facts in support of this assertion. Instead, she quotes a complaint from a separate district court case, in which the court rejected the plaintiffs' related argument. See Ross v. Lockheed Martin Corp., 267 F. Supp. 3d 174, 197–200 (D.D.C. 2017). Because Woods cannot point to facts indicating that the scoring system or the consolidation process were pretexts for discrimination, the district court correctly granted summary judgment.

## G.

Seventh, Woods criticizes the district court's refusal to issue certain subpoenas. She does not specify which witnesses the district court should have allowed her to depose. But the record reflects that, after holding a hearing on the matter, the district court denied her motion to subpoena Lorenzo Sams and two of Woods's medical doctors.

The district court has "broad discretion" to grant or deny subpoenas, Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1306 (11th Cir. 2011), and it did not abuse that discretion in refusing to issue subpoenas for these individuals. Woods's motion for subpoenas did not state what information Sams or her

medical doctors could provide about the alleged race or sex discrimination. Neither has she explained on appeal what relevant knowledge they might have had. The denial of these subpoenas therefore does not constitute a ground for reversal.

## H.

Eighth, Woods asserts that Lockheed Martin's request for litigation costs was irrational in light of her dire financial situation. But we lack appellate jurisdiction to address this issue.

In civil cases, the timely filing of a notice of appeal is a prerequisite to the exercise of appellate jurisdiction. *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300–02 (11th Cir. 2010). A notice of appeal must indicate the judgment or order being appealed. Fed. R. App. P. 3(c)(1). That judgment or order must be one that already exists, not one that is merely expected to be entered. *Bogle v. Orange Cnty. Bd. Of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998). So we cannot review an order issued after the notice of appeal was filed, unless the appellant files an additional or amended notice of appeal referring to that order. *Id.* In any event, the notice of appeal ordinarily must be filed within 30 days after the entry of the judgment or order being appealed. Fed. R. App. P. 4(a)(1)(A). And "although we are to give liberal construction to the pleadings of *pro se* litigants, 'we nevertheless have required them to conform to procedural rules.'" *Albra v. Advan, Inc.,* 490 F.3d 826, 829 (11th Cir. 2007) (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)).

Here, Woods filed her notice of appeal three months before the district court granted Lockheed Martin's request for an award of costs. That notice of appeal therefore cannot serve as a jurisdictional basis for us to review the district court's order. *See Bogle*, 162 F.3d at 661. Similarly, we may not construe Woods's initial appellate brief as a valid notice of appeal because it was also filed before the district court's order awarding costs. *See id.*; *cf. Smith v. Barry*, 502 U.S. 244, 245 (1992) (holding that "an appellate brief may qualify as the notice of appeal required by Rule 3"). And her reply brief was filed more than 30 days after the entry of that order, so it cannot serve as a valid notice of appeal either. *See* Fed. R. App. P. 4(a)(1)(A). Because no other filing can be construed as a timely notice of appeal, we dismiss Woods's challenge to the award of litigation costs for lack of appellate jurisdiction.

## IV.

**DISMISSED** in part and **AFFIRMED** in part.